**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:04cr256**


| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| ) | |
| **RUSSELL EARL MILLER** ) | |

## I.

This matter is before the Court on Defendant's Motion to Disqualify the undersigned judge from the above captioned case, now set for sentencing. Specifically, the defendant argues disqualification is required under 28 U.S.C. §455, upon the theory that by virtue of his position as United States Attorney the undersigned was "acting as counsel" for the government in the instant case, such that disqualification is mandatory under 28 U.S.C. §455(b)(3); or alternatively, if the facts do not mandate disqualification under § 455(b), they may raises questions as to the undersigned judge's impartiality, such that disqualification is required under § 455(a). United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).

After having considered carefully the arguments, the record, and the applicable authority; and after having conducted a hearing,[1] for the below stated reasons the Defendant's motion is denied.

## II.

---

[1]

The Court notes that the defendant objected to the undersigned hearing the instant motion. "Although a trial judge faced with a section 455(a) recusal motion may, in [his] discretion, leave the motion to a different judge, no reported case or accepted principle of law compels [him] to do so." In re U.S., 158 F.3d 26, 34 (1st Cir. 1998).

1

The facts and events relevant to the defendant's motion to disqualify are not contested:

On October 10, 2003, Special Agent Steven Forrest of the Federal Bureau of Investigation, Buffalo, New York field office, operating in a covert capacity, logged on to an American OnLine ("AOL") chat room in which he suspected individuals may be trafficking in child pornography. Special Agent Forrest initiated an instant message ("IM") session with an individual using the screen name "tre967244," and soon after received illicit pornographic materials from this account holder. A USDOJ/FBI administrative subpoena was served upon AOL, who identified the account holder as the defendant, Russell Earl Miller. Over the next six months, Special Agent Forrest would receive several illicit images from the defendant.

FBI Special Agent Linda M. Engstrom of the Charlotte, North Carolina field office officially opened the case involving the investigation of Mr. Miller on May 10th, 2004, and performed a routine drive-by surveillance at the residence presumed to be the defendant's on May 11, 2004. Special Agent Engstrom thereafter served an administrative subpoena on American Online to ascertain whether that residence was still the one from which Mr. Miller was using his AOL account.

On June 1, 2004, the undersigned resigned as the United States Attorney for the Western District of North Carolina, and became a partner in the law firm of Mayer, Brown, Rowe & Maw on June 3, 2004. At that time, the undersigned was not aware of the FBI's investigation of the defendant, nor had the United States Attorney's Office ("USAO") had any contact with the FBI concerning their investigation.

On June 9, 2005, Special Agent Engstrom began drafting a search warrant affidavit pursuant to information provided by AOL on June 7, 2004; and on June 23, 2004 she approached Assistant U.S. Attorney Brian Cromwell for purposes of obtaining said warrant. According to the duty report

filed by Mr. Cromwell, this was the first contact between the F.B.I. and the United States Attorney's Office. The duty report's chronology was verified by Special Agent Engstrom.

A search warrant was obtained from the magistrate judge on June 24, 2004, and, according to United States Attorney's Office records, the case was officially opened on June 28, 2004. A criminal complaint was obtained on July 1, 2004, and the defendant subsequently was arrested on July 8, 2005. The defendant waived indictment, and pleaded guilty on September 15, 2005.

III.

A.

Disqualification is governed by 28 U.S.C. § 455, which provides in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(3) where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; ....

The Court begins by noting judges ought to "resolve any doubts they may have in favor of disqualification."  Unite States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).  Judges, however, are "presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise."  Pope v. Federal Express Corp., 974 F.2d 982, 985 (8th Cir. 1992). Moreover, judges are not to recuse themselves lightly under § 455(a).  While judges have a duty to recuse themselves if their impartiality might reasonably be questioned, in the absence of such a reason, they

3

have a duty to not recuse themselves.[2]

In the instant case, the defendant argues that since the United States Attorney has general supervisory authority over all criminal investigations in his district, by virtue of his position, the undersigned judge was "of counsel" for the government during the time in which FBI conducted its own investigation in the instant case. From this, defendant would have the Court conclude §455(b)(3) obligates the undersigned to recuse himself. Alternatively, the defendant also contends even if the facts do not mandate disqualification under § 455(b), the specific issues addressed in that context would cause the undersigned's impartiality to be reasonably questioned by a thoughtful and well-informed observer, such that disqualification is required under § 455(a). United States v. DeTemple, 162 F.3d at 287.

B.

While the Court concedes the United States Attorney is "of counsel" for all investigations conducted or directed by his office during his tenure, the Court finds that neither the relevant statutes nor the case law require the undersigned to disqualify himself in the instant case. Rather, all relevant authority suggests that, at the earliest, the United States Attorney is "of counsel" to the government when a matter is first brought to his, or his subordinates's, attention.

    1.    Statutes

---

[2]

See Nakell v. Attorney Gen. of N.C., 15 F.3d 319 (4th Cir. 1994) (citing In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir.1961), cert. denied, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961) ("there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." )); Blizard v. Frechette, 601 F.2d 1217, 122 (1st Cir. 1979) ( "a trial judge must hear cases unless [there is] some reasonable factual basis to doubt the impartiality or fairness of the tribunal; In Re BellSouth Corp., 334 F.3d 941(11th Cir. 2003) (quoting New York City Hous. Dev. Corp. v. Hart, 796 F.2d 976, 980-81 (7th Cir. 1986) (a district judge is obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason)).

4

Under 28 U.S.C. § 547, the statutory duty of each United States Attorney within his district is to "prosecute for all offenses against the United States." 28 U.S.C. § 455(b)(3) requires a judge to disqualify himself "where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." And finally, 28 U.S.C. § 455(d)(1) defines "proceeding" as including "pretrial, trial, appellate review, or other stages of litigation."

The Court finds no support that an independent investigation initiated by the FBI is part of a "proceeding" as defined in 28 U.S.C. § 455(d)(1). Thus, based on a plain-reading of the statutes concerned, the Court finds § 455(b)(3) does not disqualify the undersigned merely because he was the United States Attorney when an investigation, of which his office was unaware, was initiated by the FBI field office in his district.

      2.    Case Law

Those cases that have interpreted § 455(b)(3) are unanimous that, at the earliest, disqualification of a sitting judge who is a former United States Attorney is required under § 455(b)(3) at the time the matter is first brought to the attention of the United States Attorney Office.[3]

---

[3] See e.g., United States v. Kelly, 556 F.2d 257 (5th Cir. 1973) ([t]he government marshals strong support for the position that it is the date that the prosecution was initiated...that is of critical importance in deciding whether a former United States Attorney is disqualified from presiding over a criminal case); In re Grand Jury Investigation, 486 F.2d 1013, 1015-16 (3d Cir. 1973), cert. denied sub nom. Testa v. United States, 417 U.S. 919, 94 S. Ct. 2625, 41 L. Ed. 2d 224 (1974)(holding that there is no criminal "case" when there has not yet been an "arrest or indictment. . . ."); United States v. Wilson, 426 F.2d 268, 269 (6th Cir. 1970); Adams v. United States, 302 F.2d 307, 310 (5th Cir. 1962) ("a 'case' begins with the first formal prosecutorial proceeding (arrest, complaint or indictment) which is designed to bring a named alleged offender before the court."). Cf. Barry v. United States, 528 F.2d at 1094, 1099 (7th Cir. 1976) ("the 'mere questioning of a few individuals, where no other evidence was presented to the district court that even tended to show that the prosecution either began or continued during the tenure of U.S. Attorney, does not meet the Wilson

At the hearing, the defendant offered two cases, <u>United States v. Arnpriester</u>, 37 F.3d 466 (9th Cir. 1994), and <u>United States v. Pepper and Potter</u>, 677 F. Supp 123 (E.D.N.Y. 1998) in support of the assertion that, by virtue of his position as the United States Attorney, the undersigned was "of counsel" for the government during the time at which the F.B.I. commenced its investigation of the underlying unlawful acts, and therefore the undersigned is disqualified under 18 U.S.C. §455(b)(3). Neither case supports that contention. In <u>Pepper and Potter</u>, the district judge found he was not disqualified under 18 U.S.C. §455(b)(3), even though he had met with an official of the Antitrust Division prior to the commencement of the grand jury investigation, signed the application seeking the impanelment of the grand jury, and also signed numerous immunity applications during the grand jury investigation.[4] <u>Pepper and Potter</u>, 677 F. Supp, at 124. In <u>Arnpriester</u>, the appellate court rule that a judge was disqualified under §455(b)(3) from hearing a case because the matter had been brought to the attention of, and investigated by, one of his subordinates, and thus had become an active matter in the United States Attorney's Office, at the time the judged was the United States Attorney. <u>Arnpriester</u>, 37 F.3d at 467.

Neither case supports the defendant's contention that the undersigned judge is disqualified solely because the FBI initiated an independent, precedent investigation while he was still the U.S. Attorney. Thus, the Court finds that the undersigned was not "of counsel" to the government at any

_____

standard of attempting to bring a named alleged defender before the court' nor does it constitute the formal opening of the prosecution").

[4]

The judge, however, was disqualified under §455(a) since the above mentioned conduct would "lead a reasonable man knowing all the circumstances to the conclusion that the judge's 'impartiality might reasonably be questioned'." <u>Pepper and Potter</u>, 677 F. Supp at 124,125.

6

point during the instant case, and, without more, e.g., some involvement by the United States Attorney's Office, disqualification is improper under § 455(b)(3).

C.

Section 455(a) provides that a judge or justice " shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) The standard for a finding of perceived bias is not whether the judge is impartial in fact, but whenever a reasonable, well-informed observer, "not knowing whether the judge is actually impartial, might perceive a significant risk that the judge will resolve the case on a basis other than the merits." Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1995). Whitehead v. Viacom, 233 F. Supp. 2d 715 (D. Md. 2002).[5] Thus, because § 455(a) requires judges to maintain the appearance of impartiality, it is possible for the facts to require recusal under § 455(a), even though none of those facts require recusal under § 455(b). DeTemple, 162 F.3d at 286.

"Application of the objective standard thus requires a nuanced approach." Id. at 287. This standard is an objective one considered from the viewpoint of a thoughtful and well-informed observer, not a "hypersensitive, unduly suspicious person." In re Alpern, 246 B.R. 578 (Bankr. N.D.Ill. ,2000), citing In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). The risk must be one that is substantially out of the ordinary; disqualification is not required when the claim is based on "unsupported, irrational or highly tenuous speculation." See In re Martinez-Catala, 129 F.3d at 220 (1st Cir. 1997) (quoting In re United States, 666 F.2d at 694). The hypothetical reasonable observer, however "is not the judge himself or a judicial colleague but a person outside the judicial system.

---

[5]See also DeTemple,162 F.3d at 286 (citing United States v. Sellers, 566 F.2d 884 (4th Cir.1977)); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995); Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989).

Judges, accustomed to the process of dispassionate decision making and keenly aware of their Constitutional and ethical obligations to decide matters solely on the merits, may regard asserted conflicts to be more innocuous than an outsider would. " <u>DeTemple</u>, 162 F.3d at 287.

The Court finds that, in the instant case, an objective, well-informed, reasonable person, aware of all the facts and circumstances of this case, would not perceive a significant risk that the undersigned would resolve the case on a basis other than the merits. In particular, the Court finds that since: (1) the investigation by the Charlotte field office of the FBI was initiated without consulting the United States Attorney's Office; (2) there was no communication between the FBI and the United States Attorney's Office concerning the investigation before the undersigned resigned as the United State's Attorney; (3) the matter was opened in the United States Attorney's Office three weeks after the undersigned had resigned; and (4) at the time of the undersigned's departure, the undersigned had no awareness of the investigation, no reasonable, well-informed person would suspect that the undersigned will resolve the case on a basis other than the merits.

**VI. Conclusion**

Therefore, for the above-stated reasons, defendant's motion to disqualify the undersigned is hereby denied. The Clerk is directed to schedule this case for sentencing.

**Signed: August 19, 2005**

Robert J. Conrad, Jr.
United States District Judge